Form 240 - Reaffirmation Agreement (08/06)

☐ Presumption of Undue Hardship
☑ No Presumption of Undue Hardship
(Check box as directed in Part D: Debtor's Statement in Support of Reaffirmation Agreement.)

## UNITED STATES BANKRUPTCY COURT
### District of Maryland

In re Barbara Dunlap and Paul Dunlap, Jr.,
Debtor

Case No. 09-24541
Chapter 7

### REAFFIRMATION AGREEMENT
*[Indicate all documents included in this filing by checking each applicable box.]*

☐ Part A: Disclosures, Instructions, and Notice to Debtor (Pages 1 - 5)
☐ Part B: Reaffirmation Agreement
☐ Part C: Certification by Debtor's Attorney
☐ Part D: Debtor's Statement in Support of Reaffirmation Agreement

*[File Part E only if debtor was not represented by an attorney during the course of negotiating this agreement.]*

☐ Part E: Motion for Court Approval
☐ Proposed Order Approving Reaffirmation

**Name of Creditor:** BB&T

☐ *[Check this box if]* Creditor is a Credit Union as defined in §19(b)(1)(a)(iv) of the Federal Reserve Act

### PART A: DISCLOSURE STATEMENT, INSTRUCTIONS AND NOTICE TO DEBTOR

1.   **DISCLOSURE STATEMENT**

*Before Agreeing to Reaffirm a Debt, Review These Important Disclosures:*

**SUMMARY OF REAFFIRMATION AGREEMENT**
This Summary is made pursuant to the requirements of the Bankruptcy Code.

**AMOUNT REAFFIRMED**

The amount of debt you have agreed to reaffirm:     $ 20,217.11

*The amount of debt you have agreed to reaffirm includes all fees and costs (if any) that have accrued as of the date of this disclosure. Your credit agreement may obligate you to pay additional amounts which may come due after the date of this disclosure. Consult your credit agreement.*

**Form 240 - Reaffirmation Agreement (08/06) (Cont.)** 2

## ANNUAL PERCENTAGE RATE

*[The annual percentage rate can be disclosed in different ways, depending on the type of debt.]*

    a. If the debt is an extension of "credit" under an "open end credit plan," as those terms are defined in § 103 of the Truth in Lending Act, such as a credit card, the creditor may disclose the annual percentage rate shown in (I) below or, to the extent this rate is not readily available or not applicable, the simple interest rate shown in (ii) below, or both.

    (i) The Annual Percentage Rate disclosed, or that would have been disclosed, to the debtor in the most recent periodic statement prior to entering into the reaffirmation agreement described in Part B below or, if no such periodic statement was given to the debtor during the prior six months, the annual percentage rate as it would have been so disclosed at the time of the disclosure statement: _____%.

— *And/Or* ---

    (ii) The simple interest rate applicable to the amount reaffirmed as of the date this disclosure statement is given to the debtor: __8.09__%. If different simple interest rates apply to different balances included in the amount reaffirmed, the amount of each balance and the rate applicable to it are:

$_____ @ _____%;
$_____ @ _____%;
$_____ @ _____%.

    b. If the debt is an extension of credit other than under than an open end credit plan, the creditor may disclose the annual percentage rate shown in (I) below, or, to the extent this rate is not readily available or not applicable, the simple interest rate shown in (ii) below, or both.

    (i) The Annual Percentage Rate under §128(a)(4) of the Truth in Lending Act, as disclosed to the debtor in the most recent disclosure statement given to the debtor prior to entering into the reaffirmation agreement with respect to the debt or, if no such disclosure statement was given to the debtor, the annual percentage rate as it would have been so disclosed: _____%.

— *And/Or* ---

    (ii) The simple interest rate applicable to the amount reaffirmed as of the date this disclosure statement is given to the debtor: __8.09__%. If different simple interest rates apply to different balances included in the amount reaffirmed,

Form 240 - Reaffirmation Agreement (08/06) (Cont.)                                      3

      the amount of each balance and the rate applicable to it are:
      $_____ @ _____%;
      $_____ @ _____%;
      $_____ @ _____%.

    c. If the underlying debt transaction was disclosed as a variable rate transaction on the most recent disclosure given under the Truth in Lending Act:

      The interest rate on your loan may be a variable interest rate which changes from time to time, so that the annual percentage rate disclosed here may be higher or lower.

    d. If the reaffirmed debt is secured by a security interest or lien, which has not been waived or determined to be void by a final order of the court, the following items or types of items of the debtor's goods or property remain subject to such security interest or lien in connection with the debt or debts being reaffirmed in the reaffirmation agreement described in Part B.

<u>Item or Type of Item</u>        <u>Original Purchase Price or Original Amount of Loan</u>
2007 Chevrolet Silverado        $35,111.31

*Optional*---*At the election of the creditor, a repayment schedule using one or a combination of the following may be provided:*

**<u>Repayment Schedule:</u>**

Your first payment in the amount of $ <u>597.97</u> is due on <u>9/18/09</u> (date), but the future payment amount may be different. Consult your reaffirmation agreement or credit agreement, as applicable.

                      ---*Or*---

Your payment schedule will be: <u>51</u> (number) payments in the amount of $ <u>597.97</u> each, payable (monthly, annually, weekly, etc.) on the <u>18th</u> (day) of each <u>Month</u> (week, month, etc.), unless altered later by mutual agreement in writing.

                      ---*Or*---

A reasonably specific description of the debtor's repayment obligations to the extent known by the creditor or creditor's representative.

**Form 240 - Reaffirmation Agreement (08/06) (Cont.)** 4

## 2. INSTRUCTIONS AND NOTICE TO DEBTOR

**Reaffirming a debt is a serious financial decision.** The law requires you to take certain steps to make sure the decision is in your best interest. If these steps are not completed, the reaffirmation agreement is not effective, even though you have signed it.

1. Read the disclosures in this Part A carefully. Consider the decision to reaffirm carefully. Then, if you want to reaffirm, sign the reaffirmation agreement in Part B (or you may use a separate agreement you and your creditor agree on).

2. Complete and sign Part D and be sure you can afford to make the payments you are agreeing to make and have received a copy of the disclosure statement and a completed and signed reaffirmation agreement.

3. If you were represented by an attorney during the negotiation of your reaffirmation agreement, the attorney must have signed the certification in Part C.

4. If you were not represented by an attorney during the negotiation of your reaffirmation agreement, you must have completed and signed Part E.

5. The original of this disclosure must be filed with the court by you or your creditor. If a separate reaffirmation agreement (other than the one in Part B) has been signed, it must be attached.

6. <u>If the creditor is not a Credit Union</u> and you were represented by an attorney during the negotiation of your reaffirmation agreement, your reaffirmation agreement becomes effective upon filing with the court unless the reaffirmation is presumed to be an undue hardship as explained in Part D. <u>If the creditor is a Credit Union</u> and you were represented by an attorney during the negotiation of your reaffirmation agreement, your reaffirmation agreement becomes effective upon filing with the court.

7. If you were not represented by an attorney during the negotiation of your reaffirmation agreement, it will not be effective unless the court approves it. The court will notify you and the creditor of the hearing on your reaffirmation agreement. You must attend this hearing in bankruptcy court where the judge will review your reaffirmation agreement. The bankruptcy court must approve your reaffirmation agreement as consistent with your best interests, except that no court approval is required if your reaffirmation agreement is for a consumer debt secured by a mortgage, deed of trust, security deed, or other lien on your real property, like your home.

Form 240 - Reaffirmation Agreement (08/06) (Cont.)                                            5

# YOUR RIGHT TO RESCIND (CANCEL) YOUR REAFFIRMATION AGREEMENT

You may rescind (cancel) your reaffirmation agreement at any time before the bankruptcy court enters a discharge order, or before the expiration of the 60-day period that begins on the date your reaffirmation agreement is filed with the court, whichever occurs later. To rescind (cancel) your reaffirmation agreement, you must notify the creditor that your reaffirmation agreement is rescinded (or canceled).

**Frequently Asked Questions:**

<u>What are your obligations if you reaffirm the debt?</u> A reaffirmed debt remains your personal legal obligation. It is not discharged in your bankruptcy case. That means that if you default on your reaffirmed debt after your bankruptcy case is over, your creditor may be able to take your property or your wages. Otherwise, your obligations will be determined by the reaffirmation agreement which may have changed the terms of the original agreement. For example, if you are reaffirming an open end credit agreement, the creditor may be permitted by that agreement or applicable law to change the terms of that agreement in the future under certain conditions.

<u>Are you required to enter into a reaffirmation agreement by any law?</u> No, you are not required to reaffirm a debt by any law. Only agree to reaffirm a debt if it is in your best interest. Be sure you can afford the payments you agree to make.

<u>What if your creditor has a security interest or lien?</u> Your bankruptcy discharge does not eliminate any lien on your property. A "lien" is often referred to as a security interest, deed of trust, mortgage or security deed. Even if you do not reaffirm and your personal liability on the debt is discharged, because of the lien your creditor may still have the right to take the security property if you do not pay the debt or default on it. If the lien is on an item of personal property that is exempt under your State's law or that the trustee has abandoned, you may be able to redeem the item rather than reaffirm the debt. To redeem, you make a single payment to the creditor equal to the current value of the security property, as agreed by the parties or determined by the court.

> **NOTE:** When this disclosure refers to what a creditor "may" do, it does not use the word "may" to give the creditor specific permission. The word "may" is used to tell you what might occur if the law permits the creditor to take the action. If you have questions about your reaffirming a debt or what the law requires, consult with the attorney who helped you negotiate this agreement reaffirming a debt. If you don't have an attorney helping you, the judge will explain the effect of your reaffirming a debt when the hearing on the reaffirmation agreement is held.

Form 240 - Reaffirmation Agreement (08/06) (Cont.)                                      6

## PART B: REAFFIRMATION AGREEMENT.

I (we) agree to reaffirm the debts arising under the credit agreement described below.

1. Brief description of credit agreement:

2. Description of any changes to the credit agreement made as part of this reaffirmation agreement:

SIGNATURE(S):

| Borrower: | Accepted by creditor: |
|---|---|
| Barbara J. Dunlap | BB&T |
| (Print Name) | (Printed Name of Creditor) |
| *Barbara Dunlap* (Signature) | P.O. Box 1847<br>Wilson, NC 27894 |
| Date: 9/1/09 | (Address of Creditor) |
| | *signature* (Signature) |
| Co-borrower, if also reaffirming these debts: | Jim Hess, AVP |
| Paul L. Dunlap, Jr. | (Printed Name and Title of Individual Signing for Creditor) |
| (Print Name) | |
| *Paul L. Dunlap Jr.* (Signature) | Date of creditor acceptance: |
| Date: 9/1/09 | 10-01-09 |

Form 240 - Reaffirmation Agreement (08/06) (Cont.)                                                              7

## PART C: CERTIFICATION BY DEBTOR'S ATTORNEY (IF ANY).

*[To be filed only if the attorney represented the debtor in negotiating the reaffirmation agreement.]*

I hereby certify that (1) this agreement represents a fully informed and voluntary agreement by the debtor; (2) this agreement does not impose an undue hardship on the debtor or any dependent of the debtor; and (3) I have fully advised the debtor of the legal effect and consequences of this agreement and any default under this agreement.

☐ *[Check box, if applicable and the creditor is not a Credit Union.]* A presumption of undue hardship has been established with respect to this agreement. In my opinion, however, the debtor is able to make the required payment.

Printed Name of Debtor's Attorney: __Stephen A. Grossman__

Signature of Debtor's Attorney: __[signature]__

Date: __9/15/09__

Form 240 - Reaffirmation Agreement (08/06) (Cont.)                                            8

## PART D: DEBTOR'S STATEMENT IN SUPPORT OF REAFFIRMATION AGREEMENT

*[Read and complete numbered paragraphs 1 and 2, OR, if the creditor is a Credit Union and the debtor is represented by an attorney, read the unnumbered paragraph below. Sign the appropriate signature line(s) and date your signature. If you complete paragraphs 1 and 2 and your income less monthly expenses does not leave enough to make the payments under this reaffirmation agreement, check the box at the top of page 1 indicating "Presumption of Undue Hardship." Otherwise, check the box at the top of page 1 indicating "No Presumption of Undue Hardship"]*

1. I believe this reaffirmation agreement will not impose an undue hardship on my dependents or me. I can afford to make the payments on the reaffirmed debt because my monthly income (take home pay plus any other income received) is $ 2965.00, and my actual current monthly expenses including monthly payments on post-bankruptcy debt and other reaffirmation agreements total $ 2355.00, leaving $ 610.00 to make the required payments on this reaffirmed debt. I understand that if my income less my monthly expenses does not leave enough to make the payments, this reaffirmation agreement is presumed to be an undue hardship on me and must be reviewed by the court. However, this presumption may be overcome if I explain to the satisfaction of the court how I can afford to make the payments here: _____.

2. I received a copy of the Reaffirmation Disclosure Statement in Part A and a completed and signed reaffirmation agreement.

Signed: *Barbara J Dunlap*
           (Debtor)
           *Ce M Dunlap Jr*
           (Joint Debtor, if any)
Date:   9/1/09

— Or —

*[If the creditor is a Credit Union and the debtor is represented by an attorney]*

I believe this reaffirmation agreement is in my financial interest. I can afford to make the payments on the reaffirmed debt. I received a copy of the Reaffirmation Disclosure Statement in Part A and a completed and signed reaffirmation agreement.

Signed: _____
           (Debtor)

           _____
           (Joint Debtor, if any)
Date:   _____

Form 240 - Reaffirmation Agreement (08/06) (Cont.)      9

## PART E: MOTION FOR COURT APPROVAL
*[To be completed and filed only if the debtor is not represented by an attorney in negotiating the reaffirmation agreement.]*

### MOTION FOR COURT APPROVAL OF REAFFIRMATION AGREEMENT

I (we), the debtor(s), affirm the following to be true and correct:

I am not represented by an attorney in connection with this reaffirmation agreement.

I believe this reaffirmation agreement is in my best interest based on the income and expenses I have disclosed in my Statement in Support of this reaffirmation agreement, and because (provide any additional relevant reasons the court should consider):

Therefore, I ask the court for an order approving this reaffirmation agreement.

Signed: _____
           (Debtor)

          _____
           (Joint Debtor, if any)

Date: _____

# United States Bankruptcy Court
## District of Maryland

In re <u>Barbara Dunlap and Paul Dunlap, Jr.</u>,       Case No. <u>09-24541</u>
              Debtor       Chapter <u>7</u>

## ORDER APPROVING REAFFIRMATION AGREEMENT

The debtor(s) <u>Barbara Dunlap and Paul Dunlap, Jr.</u> have filed a motion for approval of the
              (Name(s) of debtor(s))

reaffirmation agreement dated _____ made between the debtor(s) and
              (Date of agreement)
<u>BB&T</u>_____. The court held the hearing required by 11 U.S.C. § 524(d)
  (Name of creditor)
on notice to the debtor(s) and the creditor on _____.
                          (Date)

COURT ORDER:   The court grants the debtor's motion and approves the reaffirmation
agreement described above.

                                              BY THE COURT

Date: _____       _____
                                            *United States Bankruptcy Judge*

**BB&T INSTALLMENT SALE CONTRACT AND SECURITY AGREEMENT (PENNSYLVANIA)**

| Last Name | First Name |
|---|---|
| DUNLAP | BARBARA JEAN |
| DUNLAP | PAUL LEROY |

**Promise to Pay:** You promise to pay us the Amount Financed shown below _____ the Annual Percentage Rate shown below, until paid in full.

| ANNUAL PERCENTAGE RATE The cost of your credit as a yearly rate | FINANCE CHARGE The dollar amount the credit will cost you if you pay as scheduled | Amount Financed The amount of credit provided to you or on your behalf | Total Payments The amount you will have paid when you have made all payments as scheduled | Total Sale Price The total cost of your Purchase on credit, including your down payment of $ 1600.00 |
|---|---|---|---|---|
| 8.09 % | $ 9736.44 | $ 35111.31 | $ 44847.75 | $ 46447.75 |

**Payments:** You will repay this contract in 75 consecutive monthly payments of $ 597.97 commencing 19 JUL, 2007.
**Security Interest:** You give us a security interest in the property being purchased.
**Prepayment:** If you pay off early, you will not have to pay a prepayment penalty.
**Late Charge:** If payment is not paid in full within 10 days after it is due, you will pay a late charge. The charge will be 2% per month of the part of the payment that is late, figured based on a full calendar month for any part of a month that is more than 10 days.
**Other Terms:** You must refer to the reverse side of this form for additional information about nonpayment, default, and any required repayment of this obligation in full before the scheduled date.

*If you do not meet your contract obligations, you may lose the property.*

**ITEMIZATION OF AMOUNT FINANCED**

1. Cash Price of Vehicle
   a. Vehicle Cash Price $ 33285.25
   b. Sales Tax $ 1753.56
   c. Total Cash Price $ 35038.81
2. Down Payment
   a. Cash $ 1600.00
   b. Trade-in Allowance $ N/A
      Less: Amount Owing $ N/A
      Net Trade-in: $ N/A
      Trade-in: Make___ Model___ Year___
   c. Total Down Payment $ 1600.00
3. Unpaid Balance of Cash Price $ 33438.81
4. Other Items Financed
   (Seller may retain a portion of these charges to the extent permitted by law)
   a. To: _____ (for negative equity) $ N/A
   b. Credit Life Insurance $ N/A

   c. Accident & Health Insurance $ N/A
   d. Optional Service Contract $ 1405.00
      To: COST GUARD COMPLET
      Term 84   Deductible 0.00
   e. Government Certificate of Title Fees $ 23.00
   f. Government License and/or Registration Fees (Identify) _____ $ 189.50
   g. Other Charges (Seller must identify who is paid and describe purpose):
      To: _____ For _____ $ N/A
      To: DEALER For Documents $ 55.00
      To: _____ For _____ $ N/A
   f. Total Other Items Financed $ 1672.50
5. Principal Amount Financed (3 + 4(f)) $ 35111.31
6. Finance Charge $ 9736.44
7. Time Balance (5 + 6) $ 44847.75

**SUMMARY NOTICE REGARDING PREPAYMENT AND REINSTATEMENT:**
You may prepay all or part of the amount you owe under this Contract at any time without penalty. Seller never charges or rebates unearned finance charges. If you default and Seller repossesses the property, Seller may (but need not) allow you to pay the amounts you owe Seller to get the property back and reinstate this Contract.

**Credit Insurance:** You are not required to purchase credit life or accident and health insurance. Upon the death of the insured, credit life insurance pays the scheduled unpaid part of the Amount Financed. During the disability of the Buyer and subject to the benefit waiting period, accident & health insurance pays the scheduled monthly payments.

| Type | | Premium | Term | Signature(s) |
|---|---|---|---|---|
| Credit | Single | $ N/A | | By signing, you select credit life insurance. _____ |
| | Joint | $ N/A | | |
| Accident and Health | | $ N/A | N/A | By signing, you select accident and health insurance. _____ |

**Property Insurance:** You may obtain property insurance from anyone acceptable to Seller.

**Debt Cancellation Coverage (Guaranteed Auto Protection–GAP):** You are not required to purchase Debt Cancellation Coverage. Debt Cancellation Coverage pays the unpaid part of the Amount Financed if the property has been damaged and property insurance is not sufficient to cover the Buyer's remaining liability under the Contract. See the GAP addendum for complete details of your GAP coverage. The fee for Debt Cancellation Coverage is $ N/A. By signing, you request Debt Cancellation Coverage.

**Contract:** You agree to purchase the following property, subject to the terms and conditions contained on both sides of this contract:

| New | Demo. | Year | No. | Make | Model Number | Manufacturer's 2GCEK19J171171996 | Mileage |
|---|---|---|---|---|---|---|---|
| Used NEW | | Model 2007 Cyl | | Trade Name CHEVROL Br Series SILVERADO | | Serial No. | |

Radio ☐  Auto Trans. ☐  Manual Trans. ☐  Pwr. Steering ☐  Pwr. Brakes ☐  Pwr. Windows ☐  Air Conditioning ☐  Key Number ☐

You grant to the Seller a security interest in the form of a recorded first lien on the title to the property, or in accordance with the Uniform Commercial Code.

The Annual Percentage Rate may be negotiable with the Seller. The Seller may assign this contract and retain its right to receive a part of the Finance Charge.

**No Liability Insurance Included**

**Notice to Buyer.**
Do not sign this contract in blank. You are entitled to an exact copy of the contract you sign. Keep it to protect your legal rights.

Seller _____ Buyer #1 Signature _____ 06/19/07

By _____
Authorized Signature
Address ROUTE 11 NORTH P.O. BOX 280
GREENCASTLE, PA 17225

Buyer #2 Signature _____ 06/19/07

**BY SIGNING BELOW, YOU ACKNOWLEDGE THAT YOU HAVE READ AND RECEIVED AN EXACT COPY OF THIS CONTRACT AND YOU AGREE TO BE JOINTLY AND SEVERALLY BOUND BY ITS TERMS, INCLUDING THOSE THAT APPEAR ON THE REVERSE SIDE.**

X _____ Buyer #1 Signature     X _____ Buyer #2 Signature

**Non-Buyer Co-Owner of Security:** You agree to be fully bound by the security interest provisions of this contract, waive presentment, demand and notice of dishonor, and agree to any extension or extensions of time that may be granted in connection with this contract.

Signature _____ Street _____ City _____ State _____ Zip Code _____

**Guaranty:** By signing below, you guarantee payment and performance, notice of dishonor and the benefits of any State exemption law as to cations that may be granted in connection with this agreement. presentment, demand, notice of time or other modifi-

Guarantor #1 Signature _____ Street _____ City _____ State _____ Zip Code _____
Guarantor #2 Signature _____ Street _____ City _____

Social Security Number - Buyer #1 _____    Social Security Number - Buyer #2 _____
Buyer #1 Home Phone: ( ___ ) _____
Buyer #2 Home Phone: ( ___ ) _____

F1128550135 (REV. 03/01/06)     ORIGINAL

BBT Confidential

## ADDITIONAL TERMS (PENNSYLVANIA)

**Finance Charges:** This is a simple finance charges contract. Finance charges will accrue on the unpaid balance on a daily basis. Payments will be applied first to accrued finance charges, then to principal, then to late charges, if any. Monthly payments made before or after the due date will affect the amount of interest paid. The final payment may be more or less than the originally scheduled amount, depending on the timing of earlier payments relative to their scheduled due dates. Notification of the final payment amount will be mailed. The Seller may retain a portion of the finance charges. The APR may be negotiable with the Seller.

**Definitions:** "You," "your" and "yours" refer to the Buyer(s). "I," "we," "me" and "us" refer to the Seller or the Sellers and anyone to whom the Seller assigns this contract.

**Security; Ownership and Care of Property:** You also give us a security interest in any parts or things you add to the property described on the front of this agreement, as well as in any unearned insurance premiums and/or service contracts. We will keep title to the property until you have repaid your contract. During this time, you agree not to sell, lease or give the property to anyone else, nor allow anyone to obtain a claim, lien, or security interest against it. You agree to use it carefully and keep it in good repair. You agree not to move the property from any of the addresses listed on the front of this agreement, except for temporary periods or upon written notice to us and with our written approval. You agree not to use or permit anyone to use the property as a taxi cab or delivery vehicle or in violation of any law.

**Insurance; Taxes:** You shall remain bound by this agreement even if the property is lost or damaged. You agree to maintain collision and comprehensive insurance and otherwise insure the property against risks as we may require. The insurance policies must name us as the loss payee. The policies must also say that we will be notified within ten days if the insurance is canceled. You shall deliver the policies to us at our request. If the property is lost or damaged, we may use the insurance proceeds to repair or replace it, or to repay any amounts you owe us. We may act on your behalf in making and settling insurance claims and we may sign your name(s) on any drafts drawn by the insurers. You shall pay all taxes and fees on the property when due. If you fail to do so, we shall have the right (but no obligation) to insure the property or pay any tax or fee and you shall reimburse us with interest at the annual percentage rate you are paying on this contract.

**Prepayment:** You have the right to repay the unpaid balance in full or in part at any time.

**Default and Repossession:** You will be in default:
1. If you fail to make any payment within 10 days of its due date.
2. If you break any other promise you have made to us in this agreement or in connection with any other agreement with us.
3. If you die, become insolvent, or any of your property is the subject of a proceeding in bankruptcy, receivership or reorganization.
4. If any property securing this agreement is lost, stolen, substantially damaged, destroyed, sold, or confiscated by government authorities.
5. If you make any false or misleading statement(s) in connection with this agreement.

If you are in default, we may consider all remaining payments to be due and payable, without giving you notice. You agree that our rights of possession will be greater than yours. You will deliver the property to us at our request, or we may use lawful means to take it ourselves without notice or other legal action. We may sell the property after giving proper notice to you at your most recent address on our records. We may apply the proceeds of the sale toward what you owe us. You agree to pay the difference between the sale proceeds and what you owe us. We may claim benefits under any insurance policies and/or service contracts and terminate them to obtain refunds for unearned charges.

To the extent permitted by law, we may add to what you owe us any fees paid for the costs of repossession and sale or for enforcing your obligations. In the event it becomes necessary for counsel employed or retained by us to institute legal proceedings to collect your obligation or protect any security, you agree to pay our attorneys' fees and the court costs we incur in enforcing our rights under this agreement to the extent permitted by law.

**Trade-In:** You certify that you own free and clear, except as disclosed to us, any trade-in property described on the front of this agreement.

**Law That Applies; Other Terms:** Pennsylvania law and federal law govern this agreement. If we excuse one default by you that will not excuse later defaults. Your heirs and representatives will also be bound by this agreement. You waive the benefit of any state exemption law as to the property being purchased. If any part of this contract becomes illegal or unenforceable, that illegality or unenforceability shall not affect the remainder of the contract.

---

There are no warranties by Seller, expressed or implied, including warranties of merchantability and fitness for a particular purpose. If, however, we make a written warranty covering the vehicle or, within 90 days from the date of this contract, we extend a service contract covering the vehicle, the exclusion of warranties shall not affect any implied warranties during the term of the applicable written warranty or service contract.

---

### NOTICE

ANY HOLDER OF THIS CONSUMER CREDIT CONTRACT IS SUBJECT TO ALL CLAIMS AND DEFENSES WHICH THE DEBTOR COULD ASSERT AGAINST THE SELLER OF GOODS OR SERVICES OBTAINED PURSUANT HERETO OR WITH THE PROCEEDS HEREOF. RECOVERY HEREUNDER BY THE DEBTOR SHALL NOT EXCEED AMOUNTS PAID BY THE DEBTOR HEREUNDER.

### ASSIGNMENT

Seller sells and assigns this installment sales contract and security agreement and all Seller's right, title and interest in the motor vehicle herein described to BB&T Credit Services, Inc., ("Lender"). Seller represents and warrants that this agreement arose from the sale of the motor vehicle, and is genuine, accurate, enforceable, and the only agreement executed by Buyer for the motor vehicle; that Buyer is of the age of majority and otherwise had legal capacity to contract; that Lender shall have a valid first lien on the motor vehicle sold under this agreement; executed by Buyer for the motor vehicle agreement; that all statements contained in this agreement and in the Buyer's credit application are true and correct to the best of Seller's knowledge and belief; that the motor vehicle has been delivered to and accepted by Buyer; that Seller knows of no defense, setoff or counterclaim available to Buyer; that no consideration other than the motor vehicle described has been or will be advanced to Buyer in connection with this transaction; and at the time of sale, Seller was vested with absolute title or absolute authority to sell the vehicle to Buyer free of all liens or security interests of any person. Seller agrees to indemnify and hold Lender harmless from all loss, expense and liability incurred from any breach of Seller's warranties above or incurred because of any claim or violation of any federal, state or local statute, rule or regulation, regardless of Seller's knowledge or lack of knowledge thereof and regardless of Lender's knowledge or lack of knowledge thereof, including, but not limited to, those related to truth-in-lending disclosures, unfair or deceptive acts or practices and equal credit opportunity, and in accordance with and subject to the terms and conditions checked below:

☐ **WITHOUT RECOURSE**

☐ **WITH RECOURSE:** Undersigned guarantees prompt and full performance of all the undertakings and obligations thereunder of the Buyer therein named.

☐ **FULL REPURCHASE:** Without recourse except that undersigned agrees to repurchase the motor vehicle, the unpaid portion of the purchase price of which is represented by this agreement, subject to the terms of Lender's agreement with the undersigned.

☐ **PARTIAL REPURCHASE:** Without recourse, except that if the motor vehicle is repossessed, with an unpaid portion of purchase price as represented by the within agreement, undersigned will pay such unpaid balance of the purchase price and receive the vehicle, or in lieu thereof, will pay on demand $ _____ and relinquish all rights to the vehicle without further obligation. If motor vehicle is not repossessed and Buyer is in default, his whereabouts either known or unknown, undersigned will pay to Lender on demand any amount due on the purchase price up to the dollar sum mentioned in this paragraph, and will relinquish all rights to the vehicle without further obligation. Undersigned hereby waives protection under any underlying dealer agreement.

☐ **LIMITED REPURCHASE:** Without recourse except that if the Buyer named therein fails to pay _____ installments, undersigned will purchase the motor vehicle, the unpaid portion of the purchase price of which is represented by the within agreement, subject to the terms of Lender's dealer agreement with the undersigned.

Signed _____ By _____ (SEAL)
Dealer                                    Title

BBT Confidential



# MARYLAND NOTICE OF SECURITY INTEREST FILING
DO NOT ACCEPT THIS DOCUMENT SHOWING ANY ERASURES, ALTERATIONS OR VOIDS.

## THIS IS NOT A TITLE

| VEHICLE IDENTIFICATION NO. | YEAR | MAKE | BODY STYLE | CLASS | ODOMETER | BRAND | TITLE NUMBER |
|---|---|---|---|---|---|---|---|
| 2GCEK19J171719967 | 07 | CHEV | TK | EP0 | | 7 A | 38110267 |

| EXCEPT. | GR. VEH. WT. | GR. COMB. WT. | FEE (TAGS) | INSPECTION DATE | DATE ISSUED |
|---|---|---|---|---|---|
| N/A | 07000 | 00N/A | $63.75 | N/A | 06/26/07 |

OWNER'S SOUNDEX / DRIVER LICENSE NO.
D-541-676-510-067

CO-OWNER'S SOUNDEX / DRIVER LICENSE NO.
D-541-081-385-116

NAME(S) AND ADDRESS OF REGISTERED OWNER(S)

PAUL LEROY DUNLAP JR
BARBARA JEAN DUNLAP

ODOMETER CODES
A. Actual Mileage
B. Exceeds Mechanical Limits
C. Not Actual Mileage

Z0520147

THIS IS TO CERTIFY THAT A SECURITY INTEREST HAS BEEN DULY FILED WITH THE MOTOR VEHICLE ADMINISTRATION IN THE NAME OF THE SECURED PARTY BELOW ON THE VEHICLE DESCRIBED

**TERMINATION STATEMENT**
I, THE UNDERSIGNED, DO HEREBY RELEASE ALL RIGHTS AND INTERESTS IN THE VEHICLE DESCRIBED ABOVE

| SIGNATURE OF SECURED PARTY | OFFICIAL CAPACITY | DATE OF RELEASE |
|---|---|---|

NAME AND ADDRESS OF SECURED PARTIES

BB & T
PO BOX 1290
WHITEVILLE  NC 28472

OFFICIALLY ISSUED ON THE DATE SET FORTH

ADMINISTRATOR OF MOTOR VEHICLES

VR-2 (01/04)

THIS DOCUMENT CONTAINS AN EAGLE WATERMARK WHICH IS VISIBLE WHEN HELD TO LIGHT

Confidential